1  Jennifer L. Bartlett (Cal. Bar No. 183154)
   Kyle Tracy (Cal. Bar No. 274428)
2  **SIMON GREENSTONE PANATIER BARTLETT, P. C.**
   3780 Kilroy Airport Way, Suite 540
3  Long Beach, California 90806
   Telephone (562) 590-3400
4  Facsimile (562) 590-3412

5  John M. Caron (Cal. Bar No. 130633)
   **THE LAW OFFICE OF WORTHINGTON & CARON, P. C.**
6  273 W. 7th Street
   San Pedro, California 90731
7  Telephone (310) 221-8090
   Facsimile (310) 221-8095
8
   Attorneys for Plaintiffs
9

10

11              **IN THE UNITED STATES DISTRICT COURT**

12     **FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

13
   MONIQUE G. HUG and JEAN          )   Case No.    5:15-CV-01298
14 PHILIPP HUG,                      )
                                     )
15                  Plaintiffs,      )   **COMPLAINT**
                                     )
16            vs.                    )
                                     )   **JURY TRIAL DEMANDED**
17 BRENNTAG NORTH AMERICA, INC.      )
   (sued individually and as successor-in- )
18 interest to WHITTAKER CLARK &     )
   DANIELS, INC.); COLGATE-          )
19 PALMOLIVE COMPANY (sued           )
   individually and as successor-in-interest )
20 to THE MENNEN COMPANY);           )
   COTY, INC.; CYPRUS AMAX           )
21 MINERALS COMPANY (sued as         )
   successor to SIERRA TALC COMPANY  )
22 and UNITED TALC COMPANY);         )
   HELEN OF TROY, L.P. d/b/a BRUT;   )
23 PFIZER INC.;                      )
   UNILEVER UNITED STATES, INC.      )
24 d/b/a BRUT;                       )
   UNION CARBIDE CORPORATION;        )
25 and DOES 1-450 INCLUSIVE,         )
                                     )
26                  Defendants.      )
                                     )
27                                   )
                                     )
28                                   )

Plaintiffs MONIQUE G. HUG and JEAN PHILIPP HUG, by and through their attorneys, hereby allege as follows:

**JURISDICTION AND VENUE**

1.     This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. § 1332 as: (a) the matter in controversy exceeds $75,000.00 exclusive of interest and costs; and (b) the matter is between citizens of different states.

2.     Venue is proper under 28 U.S.C. § 1391 in the Central District of California because a substantial part of the actions or omissions giving rise to this case occurred within this district.

**THE PARTIES**

3.     Plaintiff MONIQUE G. HUG was born on September 3, 1948.  Her social security number is XXX-XX-1211.

4.     Plaintiff JEAN PHILIPP HUG was born on September 4, 1946.  His social security number is XXX-XX-2560.

5.     As a proximate result of Defendants' misconduct which is detailed below, Plaintiff MONIQUE G. HUG developed mesothelioma; as a result, she has and will endure rounds of debilitating cancer treatments and medical procedures; she has and will experience physical pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, disabilities, and loss of bodily functions; she has and will incur medical expenses; and she has and will suffer from any and all other damages associated with the diagnosis, treatment, and medical course of her cancer, and has otherwise suffered injury and damages.

6.     As a result of Defendants' wrongful conduct which caused Plaintiff MONIQUE G. HUG's asbestos-related mesothelioma, Plaintiff JEAN PHILIPP HUG has and will continue to suffer a loss of society, together with related mental anguish and grief.

7.    Upon information and belief, and at all times hereinafter, each of the Defendants was the agent, servant, employee and/or joint venture of its co-Defendants and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employee and/or joint venture.  For purposes of this Complaint, each Defendant hereinafter mentioned shall include the present business entity, as well as all of its predecessor corporations and entities as applicable.  Upon information and belief, each Defendant inclusive (a) was and is an individual, corporation, partnership and/or unincorporated association organized and existing under and by virtue of the laws of a state or foreign jurisdiction doing business in the State of California; (b) in person or through an agent, transacting business in the State of California; (c) regularly does and/or solicits business within the State of California; (d) derives substantial revenue from goods used or consumed in the State of California; and (e) expected or should have expected their acts to have consequences within the state of California and derives substantial revenue from interstate and/or international commerce.  At all relevant times, Defendants designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products.

8.    Defendant BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, and whose offices are located at 5083 Pottsville Pike, Reading, PA 19605.  Defendant BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.) is being as a supplier of asbestos-containing talc.

9.    Defendant COLGATE-PALMOLIVE COMPANY (sued individually and as successor-in-interest to THE MENNEN COMPANY) is a Delaware corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Suite 930, Los Angeles, CA 90017, and whose offices are located at 300 Park Avenue, New York, NY 10022.  Defendant COLGATE-PALMOLIVE COMPANY (sued individually and

1  as successor-in-interest to THE MENNEN COMPANY) is being sued for asbestos-
2  containing Mennen Shave Talc.

3        10.    Defendant COTY, INC. is a Delaware corporation whose registered agent for
4  service of process is Corporation Service Company, 2711 Centerville Road, Wilmington, DE
5  19808, and whose offices are located at 350 Fifth Avenue, 17th Floor, New York, NY
6  10118.  Defendant COTY, INC. is being sued for asbestos-containing Coty Airspun Face
7  Powder.

8        11.    Defendant CYPRUS AMAX MINERALS COMPANY (sued as successor to
9  SIERRA TALC COMPANY and UNITED TALC COMPANY) is a Delaware corporation
10 whose registered agent for service of process is Corporation Service Company, 2711
11 Centerville Road, Suite 400, Wilmington, DE  19808, and whose offices are located at 1 N.
12 Central Ave, #100, Phoenix, AZ  85004-4416.  Defendant CYPRUS AMAX MINERALS
13 COMPANY (sued as successor to SIERRA TALC COMPANY and UNITED TALC
14 COMPANY) is being sued as a supplier of asbestos-containing talc.

15       12.    Defendant HELEN OF TROY, L.P. d/b/a BRUT is a Texas corporation whose
16 registered agent for service of process is Thomas Benson, 1 Helen of Troy Plaza, El Paso,
17 TX 79912, and whose offices are located at 1 Helen of Troy Plaza, El Paso, TX 79912.
18 Defendant HELEN OF TROY, L.P. d/b/a BRUT is being sued for asbestos-containing
19 Faberge Brut Talc.

20       13.    Defendant PFIZER INC. is a Delaware corporation whose registered agent for
21 service of process is CT Corporation System, 818 W. Seventh Street, Suite 930, Los
22 Angeles, CA 90017, and whose offices are located at 235 East 42nd Street, New York, NY
23 10017.  Defendant PFIZER INC. is being sued for asbestos-containing Coty Airspun Face
24 Powder.

25

26

27

28

14.     Defendant UNILEVER UNITED STATES, INC. d/b/a BRUT is a Delaware corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Suite 930, Los Angeles, CA 90017, and whose offices are located at 800 Sylvan Avenue, Englewood Cliffs, NJ 07632.  Defendant UNILEVER UNITED STATES, INC. d/b/a BRUT is being sued for asbestos-containing Faberge Brut Talc.

15.     Defendant UNION CARBIDE CORPORATION is a New York corporation whose registered agent for service of process is CT Corporation System, 818 W. Seventh Street, Suite 930, Los Angeles, CA 90017, and whose offices are located at 1254 Enclave Parkway, Houston, TX 77077.  Defendant UNION CARBIDE CORPORATION is being sued as a supplier of asbestos fibers.

## FACTS

16.     Plaintiff MONIQUE G. HUG was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, an inherently toxic substance, as described below:

    a.  MONIQUE G. HUG was exposed to asbestos through her personal, daily use of asbestos-containing Coty Airspun Face Powder from approximately the 1960s to the 1990s.  Additionally, she was exposed to asbestos-containing talc supplied by Brenntag North America, Inc. (sued individually and as successor-  in-interest to Whittaker Clark & Daniels, Inc.

    b.  MONIQUE G. HUG was exposed to asbestos when employed as an owner/operator of her beauty shop in Denain, France, from approximately 1972 to 1976.  In this manner, MONIQUE G. HUG was exposed to asbestos from asbestos-containing products, including, but not limited to: Mennen Shave Talc, Faberge Brut Talc, and asbestos-containing talc supplied by Brenntag North America, Inc. (sued individually and as successor-in-interest to Whittaker Clark & Daniels, Inc. and Cyprus Amax Minerals Company (sued as successor to Sierra Talc Company and United Talc Company.

17.     Plaintiff MONIQUE G. HUG was exposed to asbestos and asbestos-containing products which were manufactured, sold, distributed, or installed by the Defendants.

18.     At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

19.     Plaintiff MONIQUE G. HUG's exposure to and inhalation, ingestion or absorption of asbestos fibers emanating from the use of the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants.

20.     The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them, including Plaintiff MONIQUE G. HUG.

21.     Plaintiff MONIQUE G. HUG suffers from an asbestos-related disease including, but not limited to, malignant mesothelioma.  Plaintiff MONIQUE G. HUG first became aware that she suffered from said disease on approximately April 29, 2015, and subsequently thereto, became aware that the same was wrongfully caused. As a result of developing mesothelioma, Plaintiff MONIQUE G. HUG has endured great physical pain and suffering, disfigurement, mental anguish, emotional pain and suffering, and loss of enjoyment of life.  As a result of Defendants' wrongful conduct, Plaintiff MONIQUE G. HUG was required to receive medical treatment to mitigate her asbestos-related mesothelioma, incurring reasonable and necessary costs for medical care, diagnosis and treatment.  Further, as a result of Defendants' wrongful conduct, Plaintiff MONIQUE G. HUG has incurred a substantial loss of income.

22.     As a result of Defendants' wrongful conduct which caused Plaintiff MONIQUE G. HUG's asbestos-related mesothelioma, Plaintiff's spouse, JEAN PHILIPP HUG,  has suffered and will continue in the future to suffer a loss of society, together with related mental anguish and grief.

**FIRST CAUSE OF ACTION**

**(Negligence)**

23.    The allegations in paragraphs One (1) through Twenty (22) above are realleged and incorporated by reference.

24.    At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of Plaintiff MONIQUE G. HUG and others working with and around, and/or using in their intended and/or reasonably foreseeable manner the Defendants' asbestos-containing products.

25.    The Defendants negligently produced, sold, supplied or otherwise put into the stream of commerce asbestos and asbestos-containing products.

26.    The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

27.    As designers, developers, manufacturers, distributors, suppliers and sellers of the above-described asbestos and asbestos-containing products, the Defendants owed a duty to foreseeable users and handlers of said products to use ordinary care in designing, manufacturing, marketing, supplying and selling said products in such a manner as to render them safe for their intended and foreseeable uses.

28.    The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of Plaintiff MONIQUE G. HUG in one or more of the following respects:

        a.    Including asbestos in their products, and using asbestos even though it was completely foreseeable and could or should have been anticipated that persons such as Plaintiff MONIQUE G. HUG  who were working with, around and/or using the products in their intended and/or reasonably foreseeable manner would inhale, ingest or otherwise absorb asbestos;

        b.    Including asbestos in their products, and using asbestos when the Defendants knew or should have known that said asbestos would have

a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.  Including asbestos in their products, and using asbestos when adequate substitutes for the asbestos in them were available;

d.  Failing to provide any or adequate warnings to persons working with, around and/or using the products in their intended and/or reasonably foreseeable manner of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

e.  Failing to provide any or adequate instructions concerning the safe methods of working with, around and/or using the products in their intended and/or reasonably foreseeable manner, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.  Failing to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as Plaintiff MONIQUE G. HUG might be exposed while working with, around and/or using the products in their intended and/or reasonably foreseeable manner.

29.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, Plaintiff MONIQUE G. HUG was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff MONIQUE G. HUG to develop the aforesaid mesothelioma which disabled and disfigured Plaintiff MONIQUE G. HUG; Plaintiff MONIQUE G. HUG has been and will be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of her asbestos-induced mesothelioma and condition; Plaintiff MONIQUE G. HUG has experienced and will experience great physical pain and mental anguish as a result of her asbestos-induced mesothelioma; and Plaintiff MONIQUE G. HUG has incurred and will incur a substantial loss of income.

30.   As a direct and proximate result of one or more of the forgoing negligent acts and/or omissions on the part of the Defendants, Plaintiff JEAN PHILIPP HUG has and will experience mental anguish and emotional pain and suffering, and has and will lose the society of Plaintiff MONIQUE G. HUG.

## SECOND CAUSE OF ACTION

### (Strict Product Liability)

31.    The allegations in paragraphs One (1) through Thirdy (30) above are realleged and incorporated by reference.

32.    The Defendants placed their asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

33.    Defendants failed to design, manufacture, market, distribute, supply and sell asbestos and asbestos-containing products in such a manner as to render them safe for their intended and foreseeable uses.  By way of example, and not limitation, Defendants:

a.    Failed to design, develop, manufacture and test the asbestos and asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when Defendants knew or should have known that the foreseeable use or intended purpose of their products was by persons, specifically Plaintiff MONIQUE G. HUG, who worked with, around and/or used the products in their intended and/or reasonably foreseeable manner;

b.    Marketed and sold said products while the same was in an unreasonably dangerous and defective condition, presenting a hazardous risk to Plaintiff MONIQUE G. HUG's well-being;

c.    Failed to recall or attempt to repair the defective products when Defendants   are and have been aware of the propensity of said products to injure Plaintiff MONIQUE G. HUG;

d.    Failed to properly test said products to ensure that they were reasonably safe for use throughout their products' lifetime.

34.    Moreover, when Defendants' asbestos and asbestos-containing products left the Defendants possession and were placed on the market they were defective in that:

a.    When used in the intended or reasonably foreseeable manner, the products were not reasonably safe for their intended use;

b.    When used in the intended or reasonably foreseeable manner, the products failed to perform as safely as would be expected by an ordinary user or consumer;

c.    When used in the intended or reasonably foreseeable manner, the

products caused a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

35.     Defendants violated the requirements of Section 402A of the <u>Restatement of Torts 2d</u>, all of which proximately resulted in Plaintiff MONIQUE G. HUG's asbestos-related mesothelioma.

36.     Additionally, although Defendants knew, or in the exercise of ordinary care should have known, that their asbestos and asbestos-containing products were deleterious and highly harmful to Plaintiff MONIQUE G. HUG's health, Defendants nonetheless:

a.     Failed to advise or warn Plaintiff MONIQUE G. HUG of the dangerous characteristics of their asbestos and asbestos-containing products;

b.     Failed to provide Plaintiff MONIQUE G. HUG with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Plaintiff MONIQUE G. HUG from being harmed by exposure to asbestos and asbestos-containing products;

c.     Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting Plaintiff MONIQUE G. HUG of the dangers to her health caused by contact with asbestos and asbestos-containing products;

d.     Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and installing asbestos and asbestos-containing products.

37.     Defendants' products were also defective due to inadequate warnings or instructions during and after the time of marketing in that Defendants knew, or in the exercise of reasonable care should have known, about the risks associated with their products and failed to provide reasonable and/or adequate warnings or instructions in light of the likelihood that the asbestos and asbestos-containing products would cause serious physical harm to Plaintiff MONIQUE G. HUG.

38.     As a direct and proximate result of using Defendants' asbestos and asbestos-containing products for the general purposes for which they were designed and intended,

1  Plaintiff MONIQUE G. HUG was exposed to asbestos and was injured as described herein.

2      39.    Accordingly, Defendants are strictly liable to Plaintiff MONIQUE G. HUG for

3  their failure to warn, and for the defective design and manufacture and/or marketing,

4  distributing, supplying and selling a defective product.

5  ### THIRD CAUSE OF ACTION

6

7  ### (Breach of Warranty)

8

9      40.    The allegations in paragraph One (1) thought Thirty-Seven (37) above are

10  realleged and incorporated by reference within this Count.

11      41.    Defendants caused Plaintiff MONIQUE G. HUG's injuries and damages as

12  stated above by manufacturing, selling, installing, and distributing asbestos-containing

13  products and raw materials which failed to meet express and implied warranties of

14  merchantability and fitness for intended purposes upon which Plaintiff MONIQUE G.

15  HUG had a right to rely and did rely.

16      42.    As a direct and proximate result of the breaches of these warranties, Plaintiff

17  MONIQUE G. HUG was exposed to and inhaled, ingested or otherwise absorbed asbestos

18  fibers causing Plaintiff MONIQUE G. HUG to develop the aforesaid mesothelioma which

19  has disabled and disfigured Plaintiff MONIQUE G. HUG; Plaintiff MONIQUE G. HUG

20  was and is compelled to expend and become liable for large sums of monies for hospital,

21  medical and other health care services necessary for the treatment of her asbestos-induced

22  mesothelioma; Plaintiff MONIQUE G. HUG has experienced and will experience great

23  physical pain and mental anguish as a result of her asbestos-induced mesothelioma and

24  conditions; and Plaintiff MONIQUE G. HUG has incurred and will incur substantial loss

25  of income. Defendants are liable to Plaintiff's spouse, JEAN PHILIPP HUG, as he has

26  suffered and will continue to suffer loss of society.

27

28

**FOURTH CAUSE OF ACTION**

**(Fraudulent Conduct, Malice and Gross Negligence)**

43.     The allegations in paragraphs One (1) through Forty-Two (42) above are realleged and incorporated by reference.

44.     The Defendants have a duty to refrain from gross negligence, fraud and/or malicious acts or omissions that would harm Plaintiff MONIQUE G. HUG.

45.     Defendants are guilty of one or more of the following acts or omissions amounting to fraudulent misconduct, malice and gross negligence;

    a.    Intentionally or with gross negligence disregarded the safety of Plaintiff MONIQUE G. HUG by including asbestos in their products, or using asbestos, even though it was completely foreseeable and could or should have been anticipated that persons such as Plaintiff MONIQUE G. HUG working with, around and/or using the products in their intended and/or reasonably foreseeable manner would inhale, ingest or otherwise absorb asbestos;

    b.    Intentionally or with gross negligence disregarded the safety of Plaintiff MONIQUE G. HUG by including asbestos in their products, or using asbestos, when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

    c.    Intentionally or with gross negligence disregarded the safety of Plaintiff MONIQUE G. HUG by including asbestos in their products, or using asbestos, when adequate substitutes for the asbestos in them were available;

    d.    Intentionally or with gross negligence disregarded the safety of Plaintiff MONIQUE G. HUG by removing any warnings regarding the dangers of asbestos from the packing of asbestos-containing products supplied to persons working with, around and/or using the products in their intended and/or reasonably foreseeable manner;

    e.    Intentionally or with gross negligence disregarded the safety of Plaintiff MONIQUE G. HUG by failing to provide any or adequate warnings to persons working with, around their products and/or using the products in their intended and/or reasonably foreseeable manner of the dangers of inhaling, ingesting or otherwise absorbing the asbestos

fibers in them;

f.  Intentionally or with gross negligence disregarded the safety of Plaintiff MONIQUE G. HUG by failing to provide any or adequate instructions concerning the safe methods of working with, around and/or using the products in their intended and/or reasonably foreseeable manner, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

g.  Intentionally or with gross negligence disregarded the safety of Plaintiff MONIQUE G. HUG by failing to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as Plaintiff MONIQUE G. HUG might be exposed while working with, around the products and/or using the products in their intended and/or reasonably foreseeable manner;

h.  Intentionally or with gross negligence disregarded the safety of Plaintiff MONIQUE G. HUG by failing to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, therefore adding to the exposure of Plaintiff MONIQUE G. HUG and other similarly situated;

i.  Intentionally or with gross negligence disregarded the safety of Plaintiff MONIQUE G. HUG by failing to take adequate steps to remedy the above failures including, but not limited to,  (1) failure to recall or require removal of asbestos and asbestos products, coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe, and (3) failure to promptly and safely remove the asbestos now in place;

j.  Intentionally or with gross negligence disregarded the safety of Plaintiff MONIQUE G. HUG by failing to require and/or advise workers and/or persons working with, around and/or using the products in their intended and/or reasonably foreseeable manner such as Plaintiff MONIQUE G. HUG of hygiene practices designed to reduce and/or prevent carrying asbestos fibers into the home.

46.     As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendants, Plaintiff MONIQUE G. HUG was exposed to asbestos, contracted mesothelioma and suffered the injuries and damages as described herein.

47.     Defendants' actions as stated herein constitute a flagrant disregard for the rights and safety of Plaintiff MONIQUE G. HUG and by engaging in such actions, Defendants acted with gross negligence, fraud, recklessness, willfulness, wantonness and/or malice and should be held liable in punitive and exemplary damages to Plaintiffs.

## FIFTH CAUSE OF ACTION

### (Loss of Consortium)

48.     The allegations in paragraph One (1) through Forty-Seven (47) above are realleged and incorporated by reference within this Count.

49.     Plaintiff MONIQUE G. HUG was married to Plaintiff JEAN PHILIPP HUG on April 22, 1976. As a result of Defendants' wrongful conduct which caused Plaintiff MONIQUE G. HUG's above-stated asbestos-related mesothelioma, Plaintiff JEAN PHILIPP HUG has suffered and will continue in the future to suffer the loss of support, consortium and society of his wife, together with related mental anguish and pain and suffering.

**WHEREFORE,** Plaintiffs MONIQUE G. HUG and JEAN PHILIPP HUG, as a direct and proximate result of the negligence and conduct of the Defendants, have suffered and will suffer great pain and severe mental anguish.

Plaintiffs MONIQUE G. HUG and JEAN PHILIPP HUG, as a direct and proximate result of the negligence of other conduct of Defendants, have incurred expenses for medical, hospital, pharmaceutical, and surgical care and/or other expenses in an amount not yet determined.

1    Plaintiffs MONIQUE G. HUG and JEAN PHILIPP HUG, as a direct and proximate

2   result of the negligence and conduct of the Defendants, have suffered and will suffer loss

3   of income, wages, and earning potential.

4    Plaintiffs demand judgment against Defendants jointly and severally in an amount in

5   excess of One Hundred Thousand Dollars ($100,000.00); punitive damages in an amount

6   sufficient to punish Defendants for their misconduct and to deter similarly situated parties

7   from committing like acts of misconduct in the future; and such other and further relief that

8   this Court may deem appropriate.

9    A trial by jury is hereby demanded as to all causes of action.

10

11                    Respectfully submitted,

12

13   DATED:  July 1, 2015          SIMON GREENSTONE PANATIER BARTLETT, P.C.

14

15                 By:   /s/ Kyle Tracy
                          Kyle Tracy
16                        Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28