| | |
|---|---|
| 1 | ROBERT C. BAKER, BAR ID #49255 |
| | rbaker@bknlawyers.com |
| 2 | MICHAEL H. BAILEY, BAR ID #112603 |
| | mbailey@bknlawyers.com |
| 3 | MELISSA S. OSLAC, BAR ID #130055 |
| | moslac@bknlawyers.com |
| 4 | BAKER, KEENER & NAHRA, LLP |
| | 633 West 5th Street, Suite 5500 |
| 5 | Los Angeles, California 90071 |
| | Telephone: (213) 241-0900 |
| 6 | Facsimile:  (213) 241-0990 |
| 7 | |
| 8 | Attorneys for Defendant/Cross-Claimant CYPRUS AMAX MINERALS COMPANY |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MONIQUE G. HUG and JEAN PHILIPP HUG, | Case No.:  5:15-cv-01298-VAP (KKx) |
| Plaintiffs, | **DEFENDANT CYPRUS AMAX MINERALS COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS CLAIMS** |
| vs. | |
| BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); COLGATE-PALMOLIVE COMPANY (sued individually and as successor-in-interest to THE MENNEN COMPANY); COTY, INC.; CYPRUS AMAX MINERALS COMPANY (sued as successor to SIERRA TALC COMPANY and UNITED TALC COMPANY); HELEN OF TROY, L.P. d/b/a BRUT; PFIZER INC.; UNILEVER UNITED STATES, INC. d/b/a BRUT; UNION CARBIDE CORPORATION; and DOES 1-450 INCLUSIVE, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

192-0751-1448

- 1 -

| | |
|---|---|
| CYPRUS AMEX MINERALS COMPANY, | |
| Cross-Claimant, | |
| vs. | |
| BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); COLGATE-PALMOLIVE COMPANY (sued individually and as successor-in-interest to THE MENNEN COMPANY); COTY, INC.; HELEN OF TROY, L.P. d/b/a BRUT; PFIZER INC.; UNILEVER UNITED STATES, INC. d/b/a BRUT; UNION CARBIDE CORPORATION; and DOES 1-450 INCLUSIVE, | |
| Cross Claim Defendants. | |

**COMES NOW**, Defendant CYPRUS AMAX MINERALS COMPANY ("CAMC" or "Defendant"), by and through its attorneys, the law firm of Baker, Keener & Nahra, LLP, and in response to Plaintiffs' Complaint on file herein, admits, denies and alleges as set forth below. Where plaintiffs assert allegations against all defendants collectively, without distinguishing them, CAMC responds to those allegations as to it alone and for no others.

## JURISDICTION AND VENUE

1. Answering Paragraphs 1 and 2 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraphs, and on that basis denies same.

## THE PARTIES

2. Answering Paragraph 3 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph, and on that basis denies same.

3.   Answering Paragraph 4 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph, and on that basis denies same.

4.   Answering Paragraph 5 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

5.   Answering Paragraph 6 of Plaintiffs' Complaint, Defendant denies the allegations contained herein.

6.   Answering Paragraph 7 of Plaintiffs' Complaint, Defendant admits that it is a corporation doing business in the State of California.  Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

7.   Answering Paragraph 8 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in said paragraph and on that basis denies same.

8.   Answering Paragraph 9 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis denies same.

9.   Answering Paragraph 10 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis denies same.

10.   Answering Paragraph 11 of Plaintiffs' Complaint, Defendant admits that it is a Delaware Corporation whose registered agent for service of process is Corporation Service Company.  Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

11.   Answering Paragraph 12 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis denies same.

/ / /

/ / /

12. Answering Paragraph 13 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in said paragraph and on that basis denies same.

13. Answering Paragraph 14 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in said paragraph and on that basis denies same.

14. Answering Paragraph 15 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in said paragraph and on that basis denies same.

## **FACTS**

15. Answering Paragraph 16 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

16. Answering Paragraph 17 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

17. Answering Paragraph 18 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

18. Answering Paragraph 19 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

19. Answering Paragraph 20 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

20. Answering Paragraph 21 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

21. Answering Paragraph 22 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

/ / /

/ / /

/ / /

/ / /

## FIRST CAUSE OF ACTION

### (Negligence)

22. Answering Paragraph 23 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference its response to paragraphs 1 through 22, *supra*, as though fully set forth herein.

23. Answering paragraphs 24, 25, 26, 27, 28, 29, and 30 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

## SECOND CAUSE OF ACTION

### (Strict Product Liability)

24. Answering paragraph 31 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference its response to paragraphs 1through 30, *supra*, as though fully set forth herein.

25. Answering paragraphs 32, 33, 34, 35, 36, 37, 38, and 39 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

## THIRD CAUSE OF ACTION

### (Breach of Warranty)

26. Answering paragraph 40 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference its response to paragraphs 1through 39, *supra*, as though fully set forth herein.

27. Answering paragraphs 41 and 42 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

## FOURTH CAUSE OF ACTION

### (Fraudulent Conduct, Malice, and Gross Negligence)

28. Answering paragraph 43 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference its response to paragraphs 1through 42, *supra*, as though fully set forth herein.

29. Answering paragraphs 44, 45, 46, and 47 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

## FIFTH CAUSE OF ACTION

### (Loss of Consortium)

30. Answering paragraph 48 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference its response to paragraphs 1 through 47, *supra*, as though fully set forth herein.

31. Answering paragraph 49 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as the truth or the falsity of the allegations regarding the Plaintiffs' marriage and on that basis denies same. Defendant denies the remaining allegations contained in said paragraph.

## CONCLUDING ANSWER TO ALL ALLEGATIONS

32. All allegations not specifically addressed above due to the nature of the language and construction of the allegations, or for any other reason, are specifically denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

33. The Complaint and each of its purported causes of action fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

34. As a further and separate defense, Defendant alleges that Plaintiffs failed to bring this suit within the applicable limitations period, including but not limited to the periods prescribed by California Code of Civil Procedure §§ 338, 338(d), 339 and/or 340.2.

## THIRD AFFIRMATIVE DEFENSE

35. As a further and separate defense, Defendant alleges that Plaintiffs' were negligent with respect to each of the matters described in the Complaint and that this negligence was the cause in fact and proximate cause of the damages, if any, suffered by the Plaintiffs. Plaintiffs' negligence bars recovery in this action, either in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

36. As a further, separate defense, Defendant alleges that Plaintiffs' damages, if any, were proximately caused or contributed to by the negligence or other act, omission or wrongful conduct of persons or other entities over whom/which defendant had no control and for whom/which defendant can have no responsibility or liability.

### FIFTH AFFIRMATIVE DEFENSE

37. As a further and separate defense, Defendant alleges that Plaintiffs, knowing of the dangers incident to the undertakings and activities described in the Complaint, nevertheless freely and voluntarily exposed themselves to those dangers and thus assumed the risk of any resulting harm or damage.

### SIXTH AFFIRMATIVE DEFENSE

38. As a further and separate defense, Defendant alleges that the Complaint, and each of its purported causes of action are barred by Plaintiffs' failure to take reasonable steps to avoid or otherwise mitigate the claimed damages, expenditures and costs.

### SEVENTH AFFIRMATIVE DEFENSE

39. As a further and separate defense, Defendant alleges that if Plaintiffs incurred damages or injuries as a result of the use of Defendant's products, which fact Defendant expressly denies, such damages and injuries were caused or contributed to, either in whole or in part, by the misuse of Defendant's product.

### EIGHTH AFFIRMATIVE DEFENSE

40. As a further and separate affirmative defense, Defendant alleges that Plaintiffs' damages, if any, were caused by: (1) changes and alternations to Defendant's product, which changes and alterations were made by Plaintiffs or third parties beyond the control of Defendant; and (2) improper maintenance or installation, abuse and misuse of the products by the third parties beyond the control of this Defendant.

/ / /

/ / /

192-0751-1448

- 7 -

DEFENDANT CYPRUS AMAX MINERALS COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS; DEMAND FOR JURY TRIAL

**NINTH AFFIRMATIVE DEFENSE**

41.     As a further and separate affirmative defense, Defendant alleges that it was under no legal duty to warn Plaintiffs of the hazards associated with the use of products containing asbestos.  Defendant further alleges that the purchasers of said products, Plaintiff's employer/s, their union/s or certain third parties yet to be identified, were knowledgeable and sophisticated users and were in a better position to warn Plaintiffs of the risks associated with using products containing asbestos and, assuming a warning was required, it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of Plaintiffs' damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

42.     As a further and separate affirmative defense, Defendant alleges that the asbestos products, if any, for which it had legal responsibility were manufactured, packaged, distributed or sold in accordance with specifications imposed by its co-defendants, by the U.S. Government, by Plaintiff's employers, or by third parties yet to be identified.

**ELEVENTH AFFIRMATIVE DEFENSE**

43.     As a further and separate defense, Defendant alleges that the Complaint and each of its purported causes of action are barred by the doctrine of laches, in that Plaintiffs unreasonably delayed in bringing this action, without good cause and thereby prejudiced this Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

44.     As a further and separate defense, Defendant alleges that no conduct by or attributable to it was a substantial factor, a cause in fact or a proximate cause of the damages, if any, suffered by Plaintiffs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

45.     As a further and separate defense, Defendant alleges that Plaintiffs were entitled to, and received, or in the future will receive, Worker's Compensation benefits by reason of the claimed injuries which gave rise to this suit; that each of Plaintiffs'

employers were negligent with regard to each of the matters alleged in the Complaint; that this negligence was a proximate cause of the damages alleged in the Complaint and, therefore, any judgment rendered in favor of Plaintiffs should be reduced by the amount of all Worker's Compensation benefits paid to or on behalf of Plaintiffs, and their employers should be barred from recovering by lien or otherwise the amount of these payments.

### FOURTEENTH AFFIRMATIVE DEFENSE

46. As a further and separate defense, Defendant alleges that its liability, if any, in this matter is extremely minor relative to the liability of various third parties and, therefore, the damages, if any, assessed against it should be proportionate to the degree, nature, and extent of its fault.

### FIFTEENTH AFFIRMATIVE DEFENSE

47. As a further and separate defense, Defendant alleges that there was never any privity of contract between it, its employees or agents on the one hand and Plaintiffs on the other and this lack of privity bars any cause of action by Plaintiffs in warranty or which requires privity as an essential element.

### SIXTEENTH AFFIRMATIVE DEFENSE

48. As a further and separate defense, Defendant alleges that it did not have an appreciable share of the market for the asbestos-containing products which allegedly caused Plaintiff's injuries. Accordingly, Defendant may not be held liable to Plaintiffs based on its alleged share of the applicable product market.

### SEVENTEENTH AFFIRMATIVE DEFENSE

49. As a further and separate defense, Defendant alleges that Plaintiffs are required to identify the entities actually responsible for the asbestos-containing products which caused Plaintiff's injuries, if any, and that Plaintiffs therefore are not entitled to invoke the market share theory of liability in this case.

/ / /

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

50. Plaintiffs are barred from recovery in that all products sold by this Defendant were in conformity with the existing state of the art, and as a result, these products were not defective in any manner.

## NINETEENTH AFFIRMATIVE DEFENSE

51. The Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause of action against this Defendant is barred by the provisions of California Labor Code § 3601, et seq.

## TWENTIETH AFFIRMATIVE DEFENSE

52. This Defendant alleges that at the time of the injuries alleged in this Complaint, Plaintiffs' employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of in the Complaint. This Defendant herein is not liable for said employers' proportionate share of non-economic damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

53. This Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent in and about the matters referred to in said Complaint, and such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiffs. This Defendant shall not be liable for said parties' proportionate share of non-economic damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

54. If Plaintiffs have received, or in the future may receive, Worker's Compensation benefits from this Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, and in the event Plaintiffs are awarded damages against this Defendant, this Defendant claims a credit against this award to the extent that this Defendant is barred from

enforcing its rights to reimbursement for Worker's Compensation benefits that Plaintiffs have received or may in the future receive.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

55. This Defendant denies any and all liability to the extent that Plaintiffs assert this Defendant's alleged liability as a successor, successor in business, successor in product line, or a portion thereof; assignee, predecessor, predecessor in business, predecessor in product line, or a portion thereof; parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an equity.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

56. Plaintiffs acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of this answering Defendant, thus barring Plaintiffs from any relief as prayed for herein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

57. Plaintiffs herein have failed to join indispensable parties and the Complaint is thereby defective, and Plaintiffs are thereby precluded from any recovery whatsoever as prayed for herein.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

58. As a further and separate defense, Defendant alleges that the California punitive damage statute is unconstitutional in that, among other things, it is void for vagueness, violative of the equal protection clause, violative of the due process clause, an undue burden on interstate commerce, a violation of the Contract Clause, and violation of the Eighth Amendment proscription of excess fines.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

59. As a further and separate defense, Defendant alleges that if Plaintiffs' claims were already litigated and resolved in any prior action, Plaintiffs' claims herein are barred based on the primary right and res judicata doctrine which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which the Plaintiffs were previously compensated by alleged joint tort feasors.

192-0751-1448     - 11 -

DEFENDANT CYPRUS AMAX MINERALS COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS; DEMAND FOR JURY TRIAL

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

60. Each and every Count of the Complaint, to the extent the Count pertains to cosmetic talc-containing products, is preempted by the Federal Food, Drug, and Cosmetics Act ("FFDCA"), 21 U.S.C. §§ 301-399(a)(2015), in that the FDA has primary and exclusive jurisdiction over the safety of cosmetic talc-containing products and primary and exclusive jurisdiction to determine whether any warning must accompany cosmetic talc-containing products. The FDA has ruled, on multiple occasions, that cosmetic grade talc is a safe substance when used as intended and further ruled that manufacturers need not provide any warnings on, or in connection with the sale of, cosmetic grade talc-containing products. Each and every Count of the Complaint, to the extent the Count pertains to cosmetic talc-containing products, is also preempted, in whole or in part, by any other applicable state and/or federal statutes, rules, standards and/or regulations.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

61. Each and every Count of the Complaint, to the extent the Count pertains to the manufacture and/or sale of cosmetic grade talc-containing products, is subject to the FDA's primary jurisdiction. Consequently, each and every count of the Complaint, to the extent that it pertains to cosmetic talc-containing products, should be dismissed or stayed pending further FDA review of whether any warning must accompany, or other restrictions be placed upon the manufacture and sale of, a cosmetic talc-containing product.

**THIRTIETH AFFIRMATIVE DEFENSE**

62. Each and every Count of the Complaint, to the extent the Count pertains to the manufacture and/or sale of cosmetic grade talc-containing products, is an unauthorized and improper attempt to enforce privately a claim under the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 301-399(a) (2015).

///

///

192-0751-1448                                  - 12 -

DEFENDANT CYPRUS AMAX MINERALS COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT WITH
AFFIRMATIVE DEFENSES AND CROSS-CLAIMS; DEMAND FOR JURY TRIAL

## THIRTY-FIRST AFFIRMATIVE DEFENSE

63. To the extent California law applies, the provisions of California Civil Code § 1431.2 (commonly referred to as "Proposition 51") are applicable to Plaintiffs' complaint and to each cause of action therein.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

64. The recovery Plaintiffs seek from Defendant CAMC is barred in whole or in part by the laws of France and/or other applicable laws relevant to the jurisdiction(s) where conduct and occurrences alleged in the Complaint took place and/or of which relevant parties are citizens.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

65. Defendant hereby incorporates by reference those affirmative defenses enumerated in FRCP 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of such defenses, Defendant reserves the right to seek leave of the court to amend this Answer to assert the same. Such defenses are incorporated herein by reference for the purpose of not waiving same.

## CROSS-CLAIMS

66. Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Defendant/Cross-Claimant CYPRUS AMAX MINERALS COMPANY ("CAMC"), by and through its undersigned counsel, cross claims against Defendants (collectively, "Cross Claim Defendants"), as follows:

## FIRST CLAIM FOR RELIEF

**(For Contribution Against All Cross Claim Defendants)**

67. Defendant CAMC denies that it has any liability whatsoever to Plaintiffs. However, if CAMC is held liable to the Plaintiffs under the allegations against it in the Complaint, then CAMC is entitled to contribution from co-defendants in the amount which CAMC may be required to pay the Plaintiffs, and is also entitled to have the relative fault determined.

/ / /

192-0751-1448                                                       - 13 -

DEFENDANT CYPRUS AMAX MINERALS COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS; DEMAND FOR JURY TRIAL

## SECOND CLAIM FOR RELIEF

**(For Indemnification Against All Cross Claim Defendants)**

68. Defendant CAMC denies that it has any liability whatsoever to Plaintiffs. However, if CAMC is held liable to Plaintiffs under the allegations against it in the Complaint, then CAMC is entitled to indemnification from other defendants in any amount that CAMC may be required to pay Plaintiffs.

**WHEREFORE,** Defendant CAMC requests that the Complaint be dismissed, judgment entered in its favor and against the Plaintiffs, with costs assessed against Plaintiffs. Alternatively, Cross-Claimant CAMC prays for judgment against Cross Claim Defendants in an amount equal to the sum in which the trier of fact determines that CAMC is liable to Plaintiffs, together with cost of suit incurred herein, including the cost of defense and attorneys' fees.

## DEMAND FOR JURY TRIAL

Demand is hereby made by CAMC, for trial by jury in the above-entitled action.

DATED: August 5, 2015        BAKER, KEENER & NAHRA, LLP


By  /s/ Melissa S. Oslac
    ROBERT C. BAKER
    MICHAEL H. BAILEY
    MELISSA S. OSLAC
Attorneys for Defendant/Cross-Claimant
CYPRUS AMAX MINERALS COMPANY

192-0751-1448

- 14 -

DEFENDANT CYPRUS AMAX MINERALS COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS; DEMAND FOR JURY TRIAL

**CERTIFICATE OF SERVICE**

I am over the age of 18 and not a party to the within action; I am employed by BAKER, KEENER & NAHRA, LLP in the County of Los Angeles at 633 West Fifth Street, Suite 5500, Los Angeles, California, 90071.

On August 5, 2015, I served the foregoing document(s) described as **DEFENDANT CYPRUS AMAX MINERALS COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS CLAIMS; DEMAND FOR JURY TRIAL** by placing true copies thereof enclosed in sealed envelope(s), as follows:

☑ **(BY ELECTRONIC SERVICE)** I caused the above-referenced document(s) to be transmitted to the interested parties via United States District Court Electronic Case Filing website (CM-ECF notification system) on the recipients designated on the electronic service list that is located on the PACER website.

☑ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 5, 2015, at Los Angeles, California.

_____
JAMES BOYD

1259-5173-0009